FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
CASE NO.

12 OCT -2  PM 12: 44

MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ANGELA DAVIS (formerly known as
"Angela Treanor"), individually,

      Plaintiff,

v.

                               **8:12-CV-2235-T-17 TBM**

PINNACLE CREDIT SERVICES, LLC,
a foreign limited liability company,
OXFORD LAW, LLC,
a foreign limited liability company,

      Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant, PINNACLE CREDIT SERVICES, LLC, hired another debt collector, OXFORD LAW, LLC, which failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, which are both federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

TPA 13550

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## PARTIES

3.     Plaintiff, ANGELA DAVIS ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Hernando County, Florida.

4.     Defendant, PINNACLE CREDIT SERVICES, LLC ("PINNACLE"), is a foreign limited liability company primarily engaged in debt collection and operates from offices located at 7900 Highway 7, Suite 200, Minneapolis, MN 55426.

5.     Defendant, OXFORD LAW, LLC ("OXFORD") is a foreign limited liability company and a licensed consumer collection agency in the State of Florida and is which collects consumer debts on behalf of PINNACLE; OXFORD is a "debt collector" as that term is defined by the FDCPA.

6.     Defendant PINNACLE is vicariously liable for the actions of any employees of Defendant OXFORD to the extent that the actions taken by said employees were in an attempt to collect a consumer debt from Plaintiff.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

7.     Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendants regularly collects or attempts to collect debts for other parties.

9. Defendants are "debt collectors" as that term is defined in the FDCPA; Defendants are registered "consumer collection agency" in the State of Florida as that term is defined in Fla. Stat. 559.55 *et seq.*

10. Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

11. Defendant PINNACLE sought to collect from Plaintiff an alleged debt arising from an allegedly unpaid Citibank credit card used by plaintiff for personal, family or household purposes, such as the purchase of groceries, clothing, and travel-related expenses.

12. Defendant PINNACLE hired OXFORD to collect the aforesaid debt.

13. One of OXFORD's employees left the following message on Plaintiff's voice mail on or about the date stated:

*Angust 29,2012*

*This message is for Angela – Angela, this is Farah with the Oxford Law Firm. - Today is Wednesday, August 29th. - Angela, I'm not quite sure what is going on. - I need you to give me a call today, because we do have a problem here that does concern you. - My number is 877-543-6151, extension 206.*

3

14.    Based upon information and belief, OXFORD, on behalf of Defendant, left similar or identical messages on other occasions within the year of the filing of this complaint. (Collectively, "the telephone messages").

15.    The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).  See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

16.    OXFORD failed to inform Plaintiff that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and, in some of the messages, failed to inform the Plaintiff of its name.

17.    Based upon information and belief, OXFORD knew it was required to disclose its name, that it is in fact a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.    Plaintiff incorporates Paragraphs 1 through 17.

19.    An employee of OXFORD, acting on PINNACLE's behalf, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11).  See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla.

2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of suit; and

     c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    An employee of OXFORD, acting on PINNACLE's behalf, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector and the purpose of Defendants' communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.    Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 24th day of September, 2012.

> SCOTT D. OWENS, ESQ.
> *Attorney for Plaintiff Angela Davis*
> 664 E. Hallandale Beach Blvd.
> Hallandale, Florida 33009
> Phone954-589-0588
> Fax    954-337-0666
> scott@scottdowens.com
>
> By:/s/ Scott D. Owens
> Scott D. Owens, Esq.
> Florida Bar No. 0597651

6